M. P. LEHMAN, as Sheriff of Dade County, Florida, *Plaintiff in Error*, v. H. B. GEAR, *Defendant in Error*.

147 So. 853.
Division B.
Opinion filed April 25, 1933.

*Cary D. Landis, Attorney General and Roy Campbell, Assistant,* for Plaintiff in Error;

*Kennedy* and *Cheetham,* for Defendant in Error.

BUFORD, J.—Defendant in error sued out writ of habeas corpus before one of the Judges of the Circuit Court of Dade County, after being convicted under an information in the following language:

*"In the Name and by Authority of the State of Florida:*

"G. A. WORLEY, Acting County Solicitor for the County of Dade, prosecuting for the State of Florida, in the said County, under oath, information makes that H. B. Gear of the County of Dade, and State of Florida, on the 19th day of January in the year of our Lord One Thousand Nine Hundred and Thirty-two, in the County and State aforesaid, did then and there rent to one Mr. Storck, a Ford automobile, without first having obtained proper license for said automobile, contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Florida."

The petitioner was discharged by the Circuit Judge and the State sued out writ of error. The information charges no offense under the laws of the State of Florida. Subsection 17 of Section 3 of Chapter 14625, Acts of 1931, provides in part as follows:

"It shall be unlawful for any person to operate on or over the highways of this State or on any road or street therein any motor vehicle which, at the time of such operation shall not have affixed thereto the proper license plate or tag issued

by the State Motor Vehicle Commissioner showing payment of the registration or re-registration fee and taxes provided by this section, and every person so offending against the provisions of this section, whether the owner or having any interest in the motor vehicle involved or not, shall be deemed guilty of a misdemeanor and punished by a fine of not exceeding Five Hundred Dollars ($500.00) or by imprisonment in the county jail not exceeding six months."

The charge here is totally insufficient because it does not charge either that the automobile was operated on or over the highways of this State or on any road or street therein. Neither does it charge as is required by sub-section 1 of the same section of the Act that the motor vehicle referred to was offered by the accused for rent or for hire by advertising the same in a newspaper or by holding same out to the public as for rent and hire.

On habeas corpus we might hold that the failure to allege that the defendant offered the motor vehicle for rent or for hire by advertising same in a newspaper or by holding same out to the public as for rent and hire is not sufficient infirmity to warrant the discharge of a defendant against whom it was charged that he did operate on or over the highways of this State or on any road or street therein a certain motor vehicle which at the time of such operation did not have affixed thereto the proper license plate or tag issued by the Motor Vehicle Commissioner, showing payment of the registration, or re-registration fees, and taxes provided by law and that such motor vehicle was so operated for hire.

Here the charge is simply that the accused in the County of Dade and State of Florida, on the 19th day of January, in the year of our Lord, One Thousand Nine Hundred and Thirty-Two, in the County and State aforesaid, did then and

there rent to Mr. Storch, a Ford automobile without first having obtained proper license, etc.

There is no allegation in the information that the automobile was rented to be used, or was used, on public streets, roads or highways. There is no allegation that it was used, or to be used, in any manner contrary to law; *non constat;* the automobile may have been rented for any purpose for which it could have been used without procuring a license tag. It is a matter of common knowledge that every day we see trucks and automobiles set up on vacant lots and used for various and sundry purposes. They probably have not run for years and will not run again. They are used as vending places for hucksters, for fruit stands, various and sundry sorts of mercantile establishments and even for homes.

The information in this case is not sufficient to protect the accused against prosecution for violation of sub-section 17 of Section 3 of Chapter 15625, Acts of 1931, because it is totally void in that it charges no offense whatever.

The defendant should have been discharged from the custody under commitment under which the sheriff's return shows he was held. Such discharge, however, would not bar prosecution for the violation of the sections of the statute above referred to.

The judgment should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, P. J. and BROWN, J., concur.

DAVIS, C. J., and ELLIS and TERRELL, J. J., concur in the opinion and judgment.